# Pickens *v.* The State.

*Indictment for Murder.*

1.   *Organization of grand jury ; when no irregularity shown.*—Where
jury commissioners fail to draw a grand jury for the term of a court,
and the court proceeding under the authority conferred by statute
(Cr. Code of 1886, § 4316), directs the sheriff to summon 18 persons
qualified to serve as grand jurors from whom the grand jury was to
be drawn, the mere fact that the sheriff, anticipating that such order
would be made, stated to certain qualified citizens of the county that
if they were present when such order was made, he would summon
them to serve as grand jurors, and that the grand jury organized was
composed of some of the citizens so notified by the sheriff, is not an
irregularity which would vitiate an indictment preferred by such
grand jury ; and a motion to quash an indictment preferred by such
grand jury upon the grounds of this supposed irregularity is properly
overruled.

2.   *Homicide ; when indictment is for murder in the first degree, no
error in charging as to other degrees of homicide.*—Where there is a trial
under an indictment charging murder in the first degree, which com-

[Pickens v. The State.]

prehends each degree of homicide, it is not error for the court to instruct the jury that there could be, under such indictment, a conviction only of murder in the first degree or of murder in the second degree, or of manslaughter.

3. *Circumstantial evidence; sufficiency to warrant conviction.* — A person charged with the commission of a crime, should not be convicted on circumstantial evidence alone, unless it excludes to a moral certainty. every reasonable hypothesis except that of his guilt; and no matter how strong the circumstances may be, they do not come up to the full measure of proof which the law requires, if they can be reconciled with the theory that some other person may have committed the crime.

4. *Charge to the jury as to measure of proof.* — In a criminal case, a charge to a jury which instructs them that "Before you can convict the defendant, each of you must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and unless each of you are so convinced by the evidence of the defendant's guilt that you would each venture to act upon that decision in matters of highest concern and importance to your own interest, then you must find the defendant not guilty," asserts a correct proposition and should be given.

5. *Same.* — In a criminal case a charge which instructs the jury that "Before you can find the defendant guilty, the evidence must be so strong and convincing that each of you would dare to act upon similar proof in matters of the greatest importance to your own interest," is properly refused; the use of the word "dare" for the word "venture" making the charge misleading.

6. *Homicide; circumstantial evidence; charge to the jury as to measure of proof.* — A probability of innocence is a just foundation for a reasonable doubt of guilt, requiring an acquittal of the defendant; but on a trial under an indictment for murder, where the evidence is circumstantial and tends to show that the defendant was one of two persons who were acting in concert and were present at the time and place of the homicide, and that one of them fired the fatal shot, a charge which instructs the jury that "a probability that some other person may have done the killing, is sufficient to create a reasonable doubt of the guilt of the defendant," is properly refused; since the defendant and the other person both being present, aiding and abetting in the commission of the homicide, were each equally guilty, and the fact that the other person fired the fatal shot would not justify the acquittal of the defendant.

7. *Charge to the jury; each juror must concur in the conclusion before a verdict can be rendered; what not necessary.* — While the concurrence of all the jurors in the conclusion reached is essential to a verdict, a charge which instructs the jury that "if either one of your minds has a reasonable doubt from the evidence of the guilt of the defendant, then it is your duty to render a verdict of not guilty," is properly re-

fused; since the rule does not require that if any one of the jurors had a reasonable doubt, the others were bound to yield and render a verdict of acquittal.

8. *Homicide; establishment of alibi; sufficiency of evidence.*—On a trial under an indictment for murder, where the State's evidence is circumstantial and the defendant pleads an *alibi*, the fact that the jury may have a reasonable doubt whether the defendant was at his house when the difficulty leading to the homicide originated, does not preclude them from being satisfied beyond all reasonable doubt that he was subsequently at the place of the homicide, a short distance from the defendant's house, and that he was an agent in the killing; and a charge which instructs the jury to the contrary is properly refused.

9. *Same; same; reasonable doubt; charge to the jury.*—On a trial under an indictment for murder, where a defendant pleads an *alibi*, the burden of proof is not thereby changed; and if by reason of defendant's testimony in relation to the *alibi* the jury should entertain a reasonable doubt as to the defendant's guilt, he should be acquitted; and a charge which so instructs the jury asserts a correct proposition of law, and should be given.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

The appellant was indicted and tried for the murder of Oscar Pickens, was convicted of murder in the first degree, and sentenced to the penitentiary for life.

The defendant moved the court to quash the indictment upon the grounds : 1st. That it was not found and returned into court by a legally organized grand jury. "2. Because the grand jury that returned the indictment was not drawn from the jury box by the jury commissioners. 3. Because said grand jury was not drawn and summoned as is required by law. 4. Because said grand jury was not drawn and summoned as required by law in this, that the sheriff of the county notified them that they must be at the court-house on April 15, 1895, and after they had appeared the presiding judge entered an order directing the sheriff to summon a grand jury, and the same persons that the sheriff had previously notified to appear as grand jurors were summoned by him as grand jurors, and empannelled as a grand jury. 5. Because said grand jury was drawn contrary to law in this, that it was drawn by virtue of an order of the presiding judge, and not by the jury commissioners as the law requires. 6. Because the sheriff, without an order of court, summoned the members of said grand jury to be

[Pickens v. The State.]

and appear at the court-house at the term at which said in-
dictment was found.    7. Because an order to the sheriff
to summons said grand jury was not made by the court
until after said jury was summoned by the sheriff."

In support of this motion, the defendant introduced as
a witness A. B. Campbell, who testified that he was
sheriff of Morgan county, Alabama, and had been since
1892; that prior to the April term, 1895, of the circuit
court of Morgan county, he received a letter from Hon.
H. C. Speake, judge of the 8th judicial circuit of Ala-
bama, stating that the jury commissioners of Morgan
county had failed to draw a grand jury for said term of
the circuit court of said county, and instructed him that
he would have to summon said grand jury after the
court met; that witness thereupon, prior to the conven-
ing of said term of court, in riding over the county, saw
citizens and told them that he expected he would have
to summons a grand jury when court met, and that if
they would be at the court-house, and if he was ordered
to summons a grand jury he would summons them.
He did not summons any one until after he got the
order, and no one before he got the order at the court-
house of Morgan county, on the first Monday of the
April term of the circuit court of Morgan county, to-wit,
April 15, 1895; and that after court had convened and
had made an order therefor, he summoned said citizens
to serve as grand jurors for said term.   Nor did he
promise any one of them that he would summons him
or them, before he got said order.

Upon the hearing of this testimony, the court over-
ruled the motion to quash the indictment, and to this
ruling the defendant duly excepted.

The evidence in behalf of the State was circum-
stantial, and tended to show that just a short time
before the killing, the deceased with two or three other
persons had a dispute or quarrel with the defendant;
that the deceased and his companions walked about a
half or three-quarters of a mile away from the defend-
ant's house, and that as they were going from there,
they noticed two persons following them, one of whom
they thought was the defendant; that after the deceased
and his companions entered the house, two people
knocked at the door and asked for certain persons, re-
ferring to the deceased and his companions; that the

voice of the person making the inquiry was that of the defendant; that the persons making the inquiry were told that the people asked about were not in the house, and that a short time thereafter, as Oscar Pickens started out of the door of the house, he was fired upon by a pistol, from the effects of which wound he died in a short time,

One of the witnesses testified that the person with whom deceased and his companions had a fuss, and who called at the house where the deceased was, was the defendant. The other witnesses for the State testified to circumstances tending to show that the person who fired the fatal shot was the defendant.

The testimony for the defendant tended to prove an *alibi*, and several witnesses testified that at the time of the killing defendant was in some other part of Decatur, the town in which the homicide occurred.

Upon the introduction of all the evidence, the court in its general charge instructed the jury, among other things, as follows: "That the defendant can not be convicted under this charge for anything but murder in the first degree, murder in the second degree, or manslaughter." To this portion of the court's general charge the defendant separately excepted, and also separately excepted to the court's giving to the jury at the request of the State the following written charges: (1.) "I charge you, gentlemen, that a moral certainty means nothing more than a reasonable doubt." (2.) "A reasonable doubt is simply such a doubt as a reason can be given for; therefore before the jury can acquit the defendant on the ground that they have a reasonable doubt of defendant's guilt, they must be able to give a reason for so finding from the evidence." The defendant then asked the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "The evidence against the defendant is circumstantial, and before you can convict him on such testimony the proof must be very strong and cogent, so much so as to exclude every reasonable doubt and probability of his innocence." (3.) "The evidence on the part of the State against the defendant is circumstantial, and before you can find him guilty on such testimony, you must believe from the evidence beyond all reasonable doubt and to a moral

certainty, that no other person could have done the kill-ing." (24.) "A probability that some other person may have done the killing, is sufficient to create a reasonable doubt of the guilt of the defendant, and therefore for his acquittal." (26.) "If either one of your minds has a reasonable doubt from the evidence of the guilt of the defendant, then it is your duty to render a verdict of not guilty." (27.) "The evidence against the defendant is circumstantial, and to support a verdict of conviction it must be consistent with guilt, and inconsistent with any other reasonable hypothesis." (29.) "The evidence against the defendant is circumstantial, and before you can convict on such testimony, it is not only necessary that the circumstances taken together should be of a conclusive nature, such as to produce a moral certainty of guilt, but they must go further and exclude every other reasonable theory that the deceased was killed by some one else." (41.) "Before you can find the defendant guilty, the evidence against him must be inconsistent with any reasonable theory that the defendant is innocent, and that some other person was the guilty agent." (42.) "To justify a conviction of crime on circumstantial evidence alone, it must be inconsistent with any reasonable theory of innocence." (43.) "The guilt of the defendant is established, if at all, by circumstantial evidence, and before you can convict on such evidence it should not only point him out as the guilty man, but be inconsistent with any reasonable theory as to his innocence." (47.) "The defendant sets up an *alibi* in this case, and the burden of proof is not changed when he undertakes to prove it; and if by reason of the evidence in relation to such *alibi* you should entertain a reasonable doubt as to the defendant's guilt, he should be acquitted, although you may not be able to find that the *alibi* has been fully proven." (64.) "Before you can convict the defendant, each of you must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion; and unless each of you are so convinced by the evidence of the defendant's guilt that you would each venture to act upon that decision in matters of highest concern and importance to your own interest, then you must find the defendant not guilty." (65.)

[Pickens v. The State.]

"Before you can find the defendant guilty, the evidence must be so strong and convincing that each of you would dare to act upon similar proof in matters of the gravest importance to your own interest." (66.) "If you would not be willing to act upon the evidence in this case, if it was in relation to matters of the most solemn importance to your own interest, then you must find the defendant not guilty." (67.) "If the State has failed to convince each of you by the evidence that the defendant was present at the scene of the homicide, and that he was not at Sol. Sykes' saloon, to that degree of certainty that you would dare to act upon that conviction in matters of serious concern and importance to your own interest, then it is your duty to, and you must find the defendant not guilty." (75.) "The evidence that the defendant, Bill Pickens, killed the deceased, is wholly circumstantial, and such evidence should always be received and weighed with great caution, and should only be accepted as conclusive where it excludes all reasonable hypothesis inconsistent with the theory of defendant's guilt, and establishes his guilt to a reasonable certainty." (76.) "Where the evidence is circumstantial as in this case, each fact in the chain of facts from which the defendant's guilt is to be inferred must be proved by competent evidence, and by the same weight of evidence as if each one was the main fact in issue." (77.) "Every single or separate fact or circumstance shown must be entirely consistent with every other." (78.) "Each fact constituting the chain of circumstances in this cause must be established beyond all reasonable doubt and to a moral certainty, before you can find the defendant guilty." (83.) "If you believe from the evidence that there was a fuss at the house of Bill Pickens, that is not a circumstance against the defendant, unless the evidence satisfies your mind beyond a reasonable doubt, that the man that was seen there was Bill Pickens. If you are not satisfied from all the evidence beyond a reasonable doubt who the man was, if you believe a man was there, then you should acquit the defendant."

W. W. Callahan, for appellant.—1. The court erred in refusing to give charges numbered 26, 64, 65, 66 and

67, as requested by the defendant.—*Burton v. State*, 107 Ala. 108; *Brown v. State*, 108 Ala. 18.

2. The court erred in refusing charges numbered 27, 29, 41, 42 and 43, requested by the defendant. They are fully authorized by the following authorities: *Howard v. State*, 108 Ala. 571; *Jones v. State*, 90 Ala. 630; *Brown v. State*, 108 Ala. 18; *Gilmore v. State*, 99 Ala. 154.

3. Charges 1, 3 and 24 assert a correct principle of law, and are applicable to this case, and should have been given by the court.—*Salm v. State*, 89 Ala. 56; *Gilmore v. State*, 99 Ala. 154; 3 Brick. Dig. 284, § 531.

4. Charge 75 asserts a familiar principle of law, and under the evidence in this case, should have been given. 9 Amer. & Eng. Encyc. of Law, 734; *Gilmore v. State*, 99 Ala. 154; *Jones v. State*, 90 Ala. 630; *Howard v. State*, 108 Ala. 571.

5. Charge 47 asserts a correct principle of law and was eminently proper in this case.—1 Amer. & Eng. Encyc. of Law, 445 and notes; *Caffey v. State*, 94 Ala. 76.

6. Charges 76, 77 and 78 should have been given.— 9 Amer. & Eng. Encyc. of Law, 735-737; *Howard v. State*, 108 Ala. 571.

WILLIAM C. FITTS, Attorney-General, for the State.

BRICKELL, C. J.—The commissioners having failed to draw a grand jury for the term, the court had authority it was a duty to exercise, to supply the omission by the entry of an order on the minutes directing the sheriff to summon eighteen persons qualified to serve as grand jurors, from whom a grand jury were to be selected.— Cr. Code of 1886, § 4316. The order was made, and from the persons summoned, the grand jury finding the indictment were selected and organized. If there was irregularity in the execution of the order—in the mode pursued by the sheriff in the selection and summoning of the persons from whom the grand jury were to be selected—not resulting in the introduction of other than good and lawful men, the irregularity would not vitiate the indictment. But we do not perceive that irregularity intervened. The sheriff, in anticipation that the order would be made, said to qualified citizens of the

[Pickens v. The State.]

county, if they were present when it was made, he would summon them to serve as grand jurors. This was not of itself an irregularity—the sheriff had the power to select from the qualified citizens of the county, whom he would summon, and if the power was not abused, or misused, the mode in which he made the selection was immaterial.

2. The indictment comprehended each degree of criminal homicide, and there was no error in the instruction, or rather observation to the jury, that there could be a conviction only of murder in the first degree, or of murder in the second degree, or of manslaughter. When an indictment is of this form and legal effect, we presume it is not unusual for the presiding judge in the commencement, or in the course of his instructions to the jury, to state that it comprehends each degree of criminal homicide, of which there may be conviction. The instructions given at the instance of the State, are obviously free from error, and in argument the appellent has not drawn their correctness in question.

3. The instructions requested, numbered respectively, 1, 3, 27, 29, 42, 43, 75, 76, have relation to the sufficiency of circumstantial evidence to support a conviction. The test of the sufficiency of circumstantial evidence is, whether the circumstances as proved, produce a moral conviction to the exclusion of all reasonable doubt of the guilt of the accused—whether they are incapable of explanation upon any reasonable hypothesis consistent with his innocence. In *Ex parte Acree*, 63 Ala. 234, the principle as it may be collected from approved text writers, and the current of judicial decision, was announced by STONE, J.: "The humane provision of the law is, that upon circumstantial evidence there should not be a conviction unless to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires." The refusal of a charge requested embodying this language, was declared error in *Gilmore v. State*, 99 Ala. 154. The instructions 1 and 42 are correct statements of the principle, and it was error to refuse them. The other of these

instructions are misleading or argumentative, and were properly refused.

4. In *Burton v. State*, 107 Ala. 109, we held it error to refuse an instruction requested by the defendant expressed in this language : "Before the jury can convict the defendant, they must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with any other rational conclusion ; and unless the jury are so convinced by the evidence of the defendant's guilt, that they would each venture to act upon that decision in matters of the highest concern and importance to his own interest, then, they must find the defendant not guilty." In *Brown v. State*, 108 Ala. 18, the refusal of an instruction expressed in the same words, was declared reversible error. We construed the instruction as not meaning more than that the guilt of the accused must be fully proved—as usually expressed, proved beyond a reasonable doubt; and that degree of proof is not reached unless all reasonable supposition of innocence is excluded. The instructions requested numbered 64 and 66, though not in all particulars employing the same verbiage, in equivalent words, assert the same proposition contained in the instructions referred to, and there was error in the refusal of them. The instruction numbered 67 was properly refused—the substitution of the word *dare* for the word *venture* as employed in the other instructions, was of misleading tendency.

5. There can be no doubt that a probability of innocence is just foundation for a reasonable doubt of guilt, requiring an acquittal of the defendant.—*Whitaker v. State*, 106 Ala. 30, and authorities cited. The instruction numbered 24, asserting that "a probability that some other person may have done the killing, is sufficient to create a reasonable doubt of the guilt of the defendant," in view of this rule, would be appropriate, if the evidence was circumstantial, pointing to the defendant, and to some other person not acting in concert with him. Instructions must be construed in reference to the evidence to which they refer. The tendencies of the evidence for the State, were, that two persons, acting in concert, were present at the time of the killing, and that the one or the other fired the fatal shot. The

probability that the other, and not the defendant, fired the shot, would not raise a reasonable doubt of the guilt of the defendant. The two were principals, present, aiding and abetting in the commission of the offense, the one firing the fatal shot, in legal contemplation, not more guilty than the other. As to the two, a probability that one and not the other, did the killing, creates no doubt, reasonable or unreasonable, of their equal guilt.

6.   In all cases, civil and criminal, unanimity of the jury is essential to a verdict. In *Carter v. State*, 103 Ala. 93, it was held error to refuse, on request of the defendant, to instruct the jury, that unless each of them was convinced beyond a reasonable doubt of the guilt of the defendant, a verdict of conviction could not be rendered. This is essentially a different proposition from that requested in the instruction numbered 26, that if either of the jurors had a reasonable doubt, the others were bound to yield, and render a verdict of acquittal.

7.   The instruction numbered 83, was properly refused. The jury may have had a reasonable doubt whether the defendant was at his house at the time of the occurrences upon which the difficulty originated, and yet satisfied beyond all reasonable doubt, that he was subsequently at the place of the homicide, a guilty agent in its commission. The instruction numbered 47, in relation to the burden of proving an *alibi*, and the degree of evidence supporting it, is in accordance with the principles stated in *Prince v. State*, 100 Ala. 144, and should have been given.

For the errors pointed out, the judgment must be reversed and the cause remanded. The defendant must remain in custody until discharged by due course of law.

Reversed and remanded.