# Ott *v.* The State.

## *Murder.*

(Decided May 13, 1909. 49 South. 810.)

1. *Jury Qualifications; Belief in Circumstantial Evidence.*—A juror is not rendered disqualified under section 7278, Code 1907, because he would not convict of a capital felony on circumstantial evidence unless it was of the highest and strongest degree, since circumstantial evidence is insufficient to sustain a conviction unless it is so complete strong and cogent as to convince the mind of guilt to a moral certainty and to the exclusion of every other reasonable hypothesis.

2. *Homicide; Evidence.*—Where the theory of the state was that the defendant killed the deceased by cutting her throat with a razor and throwing the body into a well, it is competent to admit evidence describing the well, and to show that a caved place therein looked like someone had stepped or put his foot therein.

3. *Same; Suicide.*—Where the theory of the defendant was that the deceased committed suicide, it was competent to show that at

the time of the killing or suicide the deceased had a severe rising in her head.

4. *Evidence; Flight; Third Person.*—The fact that a person not accused of a crime fled soon after its commission is not admissible.

5. *Witnesses; Bias; Impeachment.*—Evidence that one of the state's witnesses agreed with counsel as to the justices of the peace who should hold the preliminary trial of the defendant and that afterwards such witness tried to prevent some of the justices from presiding at the trial, was admissible as showing his interest in the prosecution and bias against the defendant.

6. *Charge of Court; Applicability to Evidence.*—Where there was evidence tending to show, or from which the jury might have inferred, that two others than the defendant had some connection with the crime with which defendant was charged, it is error to instruct the jury that there was no evidence to show that such others had anything to do with the killing.

APPEAL from Clake Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Richard Ott was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The defendant is charged with the crime of killing Camilla Ott by cutting her throat with a razor, and in the second count by throwing her into a well. The defendant attempted to show that Josh Dickinson and Will Dickinson were in some way connected with the crime, and that since his conviction Will Dickinson had left the state. The other facts are sufficiently stated in the opinion.

POOLE & DAVIS, for appellant. The court erred in permitting the state to challenge for cause, the juror Steele. —Sec. 5018, Code 1896; 19 South. 410; *Salm v. The State,* 89 Ala. 56; *Moore v. The State,* 44 Ala. 15; *Pickens v. The State,* 115 Ala. 42; *Ex parte Acree,* 63 Ala. 234. The court erred in permitting the witness to say that the cave in the well looked like someone had stamped his foot in it.—*Bennett v. The State,* 52 Ala. 370; *Mayberry v. The State,* 18 South. 219. Charges 9, 10, 11 and 12 should have been given.—*Clifton v. The State,* 73 Ala.

473. The court invaded the province of the jury when it charged that there was no evidence to show that certain others had any connection with the killing.—*Wright v. State,* in MSS.

ALEXANDER M. GARBER, Attorney General, for the State. There was no error committed as to the juror. The witness was properly permitted to testify that the cave in the well looked like someone had stamped their feet in it.—*Watkins v. The State,* 89 Ala. 82; *Smith v. The State,* 127 Ala. 22. The court did not err in refusing to permit evidence of flight as to a third person.—*Owensby v. The State,* 82 Ala. 63; *Kemp v. The State,* 89 Ala. 55. Charge 1 was properly refused.—*Fowler v. The State,* 100 Ala. 96. Charge 4 was properly refused. *Goodlett v. The State,* 136 Ala. 39. Charge 7 was properly refused.—*Gipson v. The State,* 91 Ala. 64; *Fonville v. The State,* 91 Ala. 39. Charges 9, 10, 11 and 12 were properly refused.—*Stone v. The State,* 105 Ala. 60; *Goley v. The State,* 87 Ala. 68; *Salm v. The State,* 89 Ala. 56.

MAYFIELD, J.—W. P. Steele, being called as one of the special veniremen, to questions propounded to him by the court answered as follows: That he "would not convict on circumstantial evidence, unless it was the highest and strongest degree"; that he would not convict on circumstantial evidence ordinary in its character. It is not made to appear that the proposed juror would not convict on circumstantial evidence, or that he "thought a conviction should not be had on circumstantial evidence," which is made a cause for challenge by section 7278 (5018) of the Code of 1907. It is made to appear that he thought a conviction should not be had on circumstantial evidence, unless it was of the highest and

strongest degree; that circumstantial evidence of ordinary character was not sufficient. This is exactly what the law requires that a juror should do. When the evidence is circumstantial, it must be so complete, so strong, so cogent, as to show guilt to a moral certainty. It must exclude every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that one other than the defendant committed the crime for which he is on trial, he should be acquitted.—*Gilmore v. State,* 99 Ala. 154, 13 South. 536; *Pickens' Case,* 115 Ala. 42, 22 South. 551; *Salm's Case,* 89 Ala. 56, 8 South. 66; *Moorer's Case,* 44 Ala. 15; *Brown's Case,* 108 Ala. 18, 18 South. 811; *Ex parte Acree,* 63 Ala. 234. The court erred in alowing the state to challenge such person for cause; the bill of exceptions reciting that he was otherwise qualified.

There was no error in allowing evidence to dscribe the well in which the body of deceased was found—"that a caved place in the well looked like some one had stepped their (his) foot in it." It was the scene of the crime, and such evidence is admissible in the trial of criminal cases.—*Watkins' Case,* 89 Ala. 82, 8 South. 134.

There was no error in declining to allow accused to prove flight of a third party soon after the crime.—*Kemp's Case,* 89 Ala. 55, 7 South. 413; *Owensby v. State,* 82 Ala. 63, 2 South. 764.

We can see no objection to the evidence that deceased had a rising in her head at the time of the killing. It was competent, on the theory of suicide.

Evidence to show that one of the state's witnesses agreed with counsel as to the justices of the peace who should hold the preliminary trial of accused, and that he afterwards tried to prevent some of them from presiding, may tend to show bias or prejudice of the witness

against the accused, and at least tends to show his interest in the prosecution, and was therefore admissible for this purpose.—*Salm's Case*, 89 Ala. 56, 8 South. 66; *Amos' Case*, 96 Ala. 120, 11 South. 424; *Copeland's Case*, 86 Ala. 551, 6. South. 143, 4 L. R. A. 848; *Walker's Case*, 85 Ala. 7, 4 South. 686, 7 Am. St. Rep. 17; *Lodge's Case*, 122 Ala. 97, 26 South. 210, 82 Am. St. Rep. 23.

The trial court erred in instructing the jury that there was no evidence to show that the two negroes, Josh and Will Dickinson, had anything to do with the killing of deceased. It is true that the evidence did not prove them to be guilty; but there was some evidence from which the jury might have inferred that they did have some connection with the crime.

The judgment of the circuit court is reversed, and the cause is remanded.

DOWDELL, C. J., and SIMPSON and SAYRE, JJ., concur.