NEWELL v. STATE. (2 Div. 156.)

(Court of Appeals of Alabama. May 15, 1917.)

1. CRIMINAL LAW ⬅=⮞1169(1)—APPEAL AND ERROR—ADMISSION OF IMPROPER TESTIMONY —REVERSIBLE ERROR.

In a prosecution for murder based entirely on circumstantial evidence, permitting state witnesses to testify over defendant's objection that the tracks at the thicket where victim's body was found fit shoes secured by sheriff from the home of defendant's father was reversible error, where there was no evidence showing that shoes were ever in possession of defendant or that he could have worn them.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3130, 3137.]

2. CRIMINAL LAW ⬅=⮞552(3) — MURDER — CIRCUMSTANTIAL EVIDENCE — SUFFICIENCY FOR CONVICTION.

Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1261.]

3. HOMICIDE ⬅=⮞167(8) — CIRCUMSTANTIAL EVIDENCE—POSSESSION OF PISTOL.

It was competent to prove that accused had a pistol on the morning before the killing.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 339, 340.]

4. CRIMINAL LAW ⬅=⮞726 — ARGUMENTS OF COUNSEL.

Where defendant's counsel in his argument has gone outside of the evidence, he cannot complain if, in the heat of argument, the state's counsel replies to him in kind.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1681.]

Appeal from City Court of Selma; J. B. Evans, Judge.

Rufe Newell was convicted of murder in the second degree, and he appeals. Reversed and remanded.

The defendant was indicted for murder in the first degree, was convicted of murder in the second degree, and from the judgment appeals. The facts necessary to a decision are as follows: On a Sunday evening in May, about dusk and after, defendant and deceased were seen in company of each other near the place where the murder is supposed to have been committed. About 8 o'clock Sunday night a single shot was heard and testified to by several witnesses; the shot being near where the body of the girl was afterwards found. Some of the witnesses fix the time of the shot by the ringing of a church bell and some in other ways, but all agree that it was about 8 o'clock.

The last time she was ever seen alive the deceased was in the company of defendant on that Sunday night a short time before the shot was fired. On Monday morning the deceased was found dead in a plum thicket near the road with a pistol wound in her eye. The defendant lived with his mother and father a short distance from the scene of the crime. The defendant was seen at his home about 8 o'clock, and when he got home he put on his coat, and was wearing blue pants, a light shirt, and a white hat. One witness testified to having seen a boy pass her in the road near where the shot was fired and shortly thereafter that looked like defendant and was dressed in black pants and white shirt; that the boy was walking fast, and when he passed witness he just grunted. It was shown that the defendant on the Sunday of the murder had a 38 Colt pistol. The sheriff and W. F. Aycock testified to having gone to the home of the father of defendant on Monday night after the morning the body of the girl was found and getting from the mother of the defendant some shoes that made a peculiar track with three tacks in each heel. These witnesses identified the tracks at the plum thicket where the body was found as tracks that fit the shoes. The defendant objected and reserved exceptions to the testimony regarding the identity of the tracks on the theory that the state had not shown that the defendant was the owner of or even had worn the shoes.

Arthur M. Pitts and W. E. Brown, both of Selma, for appellant. W. L. Martin, Atty. Gen., and P. W. Turner, Asst. Atty. Gen., for the State.

SAMFORD, J. This conviction is based entirely on circumstantial evidence; and while circumstantial evidence is just as potent as positive evidence, every circumstance tending to connect the defendant with the crime must be connected with the defendant.

[1, 2] One of the strongest circumstances in this case is the evidence of the tracks, their peculiarity and proximity to the scene of the crime; but, before the defendant can be connected with shoes that could have made those tracks, something more must be shown than that shoes that could have made the tracks were given to the sheriff by defendant's mother. There are too many explanations to be given consistent with the defendant's innocence. Circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence. Pickens v. State, 115 Ala. 42, 22 South. 551; 1 Mayf. Dig. 186; Ott v. State, 160 Ala. 29, 49 South. 810. In this case it was never shown that the shoes that made the tracks were ever in the possession of the defendant, or that he could have worn them.

---

So far as this record shows, they were not even found in a room occupied by the defendant. These facts were easily ascertainable; but the defendant was not called on to offer any explanation until the state, by evidence, had connected the defendant with the shoes. On account of the rulings of the trial court on the admission of evidence in conflict with the foregoing, the judgment must be reversed.

[3] It was competent to prove that the defendant had a pistol on the morning before the killing. 6 Mayf. Dig. 353, subhead 374.

[4] The several statements of the solicitor in his closing argument to which exceptions are reserved are not here passed on, for the reason that the same questions will not likely arise on another trial. Counsel should always confine their arguments to the evidence, and this should especially apply to counsel having the concluding argument in a criminal case. The state wants the guilty convicted and punished; but it is jealous of the liberties of its citizens, and only permits convictions to stand in cases where the facts warrant the verdict. The state wants no conviction by reason of the eloquence or adroitness of her prosecuting officers. But where counsel for a defendant has himself gone outside of the evidence and made allusions to facts that have not and could not be legally proven, and, indeed, to testimony excluded on his motion, he cannot complain if, in the heat of argument, the state's counsel replies to him in kind.

For the purposes of another trial it is unnecessary to pass upon the other questions raised.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.