(81 South. 860)

CANNON v. STATE. (4 Div. 582.)

(Court of Appeals of Alabama. April 15, 1919. Rehearing Denied June 3, 1919.)

1. CRIMINAL LAW ⬥552(3) — CIRCUMSTANTIAL EVIDENCE—DEGREE OF PROOF.

Where evidence tending to connect defendant with the crime is entirely circumstantial, it is insufficient to warrant conviction, unless to a moral certainty it excludes every other reasonable hypothesis than that of defendant's guilt.

2. CRIMINAL LAW ⬥741(6)—TRIAL—JURY QUESTION — WEIGHT OF CIRCUMSTANTIAL EVIDENCE.

Whether circumstantial evidence tending to connect defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of defendant's guilt is a question for the jury, and not for the court.

3. LARCENY ⬥68(1)—CIRCUMSTANTIAL EVIDENCE—EVIDENCE—JURY QUESTION.

In prosecution for grand larceny, held, under the evidence, which was circumstantial, that affirmative charge for defendant was properly refused.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

Hattie Cannon was convicted of grand larceny, and she appeals. Affirmed.

D. A. Baker, of Troy, for appellant.
J. Q. Smith, Atty. Gen., for the State.

SAMFORD, J. [1] The evidence tending to connect the defendant with the crime was entirely circumstantial. Where this is the case, as in every other criminal case, the humane provision of the law is that there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the defendant's guilt; and, in cases where the evidence is entirely circumstantial, it has been held:

"No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof the law requires." Ex parte Acree, 63 Ala. 234; Pickens v. State, 115 Ala. 42, 22 South. 551.

[2, 3] In the trial of cases this rule should be kept prominently in view, lest from passion or carelessness of the rights of the defendant an innocent person be punished for the crime of another. But this is a rule of law for the guidance of the jury in its conclusions, to be drawn from all the evidence; as to whether the evidence can be so reconciled is a question for the jury, and not for the court. In the instant case the contention is that the defendant was entitled to the affirmative charge for the reason that the evidence could have been reconciled consistently with the defendant's innocence.

But there was evidence tending to connect the defendant with the offense of taking the money. The trial court had all of the parties before it, had the benefit of observing the witnesses and their manner on the stand, including the defendant, who testified in her own behalf; and, while from the record it would appear that the jury could have reached a different conclusion, it was, none the less, a jury question, and this court would not be justified in overturning its finding. There were also in evidence circumstances from which the jury might identify the money found in the possession of the defendant as the two $20 bills alleged to have been stolen. It, therefore, follows that the affirmative charge as requested by the defendant was properly refused.

We find no error in the record, and the judgment is affirmed.

Affirmed.