(100 So. 569)

### TATUM v. STATE.   (5 Div. 486.)

(Court of Appeals of Alabama.   June 3, 1924.)

1. **Criminal law** ⬡⟾784(5)—**Instruction as to quality of circumstantial evidence necessary to sustain conviction held improperly denied.**

In prosecution for possession of still, instruction that defendant should not be convicted unless circumstantial evidence relied upon "excludes to a moral certainty every reasonable hypothesis but of the defendant's guilt; no matter how strong the circumstances are they do not come up to the full measure of proof * * * if they can be reasonably reconciled with the theory that the defendant was innocent," *held* improperly denied.

2. **Criminal law** ⬡⟾784(7)—**Instruction to acquit if circumstantial evidence could be reconciled with theory of another's guilt properly denied in view of evidence.**

In prosecution for possession of still, where there was evidence tending to connect others with the crime equally with defendant, instructions that there should be no conviction upon circumstantial evidence unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of accused, and that if facts no matter how strong can be reconciled with theory that another may have committed crime accused should be acquitted, *held* properly denied.

3. **Criminal law** ⬡⟾815(6)—**Instruction authorizing jury to base reasonable doubt on part of evidence held properly denied.**

Instruction that, if defendant had proved good character, such proof might be sufficient to create reasonable doubt, *held* erroneous as authorizing jury to base reasonable doubt on part of evidence, and properly denied.

Appeal from Circuit Court, Chambers County; S. L. Brewer, Judge.

Bosteen Tatum was convicted of possessing a still, and appeals. Reversed and remanded.

These charges were refused to defendant:

"(1) The court charges you, gentlemen of the jury, that a person charged with a felony should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but of the defendant's guilt; no matter how strong the circumstances are they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that the defendant was innocent."

"(2) The humane provision of the law is, that upon circumstantial evidence there should not be a conviction unless to a moral certainty it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by that full measure of proof the law requires."

"(10) If the defendant has proved a good character, the law says that such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character."

"(12) If the facts, no matter how strong, can be reconciled with the theory that another may have committed the crime, the accused should be acquitted."

Moon & Carter, of Lafayette, Paul J. Hooton, of Roanoke, and James J. Mayfield, of Montgomery, for appellant.

Charges 1 and 2 state correct propositions of law, and should have been given. McKenzie v. State, 19 Ala. App. 319, 97 South. 155; Ballentine v. State, 19 Ala. App. 261, 96 South. 733; Bryant v. State, 116 Ala. 446, 23 South. 40; Prater v. State, 107 Ala. 27, 18 South. 238; Cannon v. State, 17 Ala. App. 82, 81 South. 860; Pickins v. State, 115 Ala. 43, 22 South. 551; Jones v. State, 18 Ala. App. 116, 90 South. 135; 1 Randall's Inst. to Juries, p. 452, § 234.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J.   The defendant insists and bases his principal grounds for reversal upon the action of the trial court in refusing to give at his request charges 1 and 2. These charges are exact copies of charges 17 and 23, held by us to be correct statements of the law in McKenzie v. State (Ala. App.) 97 South. 155.[1] The principle of law embraced in the foregoing charges is here challenged by the state.

There is a distinction between direct and circumstantial evidence. In the case of direct proof the truth rests upon our faith in human veracity, sustained by experience. In the case of circumstantial evidence, it rests upon the same ground, with the addition of the experienced connection between the collateral facts thus proved and the fact which is in controversy. There is no intervening process between direct evidence and the fact to be proven. In the case of circumstantial evidence, in addition to the collateral facts proven, we must resort to logic, reason, or

---

⬡⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 19 Ala. App. 319.

experience. 1 Green on Evidence, p. 13. In cases dependent upon circumstantial evidence there must therefore be hypotheses, based upon proven facts; and says Greenleaf (volume 1, par. 11):

"Their force depends on their sufficiency to exclude every other hypothesis but the one under consideration."

And again in the same paragraph:

"To exclude every other hypothesis but that of his guilt."

Wills, in his work on Circumstantial Evidence, groups circumstantial evidence under three classifications, drawing distinctions between the three and also between these and direct or positive evidence, and then concludes:

"Their force depends on their sufficiency to exclude every other hypothesis but the one under consideration."

This grouping is also followed by Wigmore. Wigmore's Ev. p. 43; Wills, Cir. Ev. p. 46, note. Starkie, in his work on Evidence (*840, *841), also recognizes the distinction and the importance of impressing that distinction, and in this connection quotes the rule as laid down by Lord Hale, which he says cannot be too often repeated:

"Tutius semper est errare acquietando, quam in puniendo, ex parte misericordiæ quam ex parte justitiæ."

See Black's Law Dictionary, 1179; 2 Hale, P. C. 290.

He then adds:

"The force and tendency of circumstantial evidence to produce conviction and belief depends upon the consideration of the coincidence of circumstances with the fact to be inferred; that is, with the hypothesis and the adequacy of such coincidences to exclude every other hypothesis."

These principles find their first expression in our decisions through George W. Stone, J., that great jurist, whose heart and mind were touched by the divine attribute that "Mercy should temper justice," and whose learning and wisdom contributed so greatly to the high standing of our decisions in other jurisdictions. Ex parte Acree, 63 Ala. 234. It cannot be contended that the announcements there made were mere arguments. Judge Stone was recognizing the distinction between positive and circumstantial evidence, and announcing the humane rules of law governing in such cases. This rule and the principles there stated were quoted and approved by Brickell, C. J., in Pickens v. State, 115 Ala. 42, 50, 22 South. 551, the same ruling having been approved by Head, J., in Gilmore v. State, 99 Ala. 154, 13 South. 536, in which last case the court as then constituted of Stone, C. J., McClellan, Coleman, Head, and Haralson, JJ., did not think the charge was argument, or, as applied to the facts of that case, abstract. Following these decisions and others there cited, Mayfield, J., speaking for the present court, reaffirmed the rule and recognized the distinction between direct and circumstantial evidence. Ott v. State, 160 Ala. 29, 49 South. 810. This court has consistently held to the foregoing rules and adjudications. Wilson v. State, 7 Ala. App. 134, 61 South. 471; Machen v. State, 16 Ala. App. 170, 76 South. 407; Newell v. State, 16 Ala. App. 77, 75 South. 625; Cannon v. State, 17 Ala. App. 82, 81 South. 860; Jones v. State, 18 Ala. App. 116, 90 South. 135; McKenzie v. State (Ala. App.) 97 South. 155.[1] Charge 4, condemned in Shepperd's Case, 94 Ala. 102, 10 South. 663, as being an argument, is phrased differently from either of the charges in the case at bar. Charge 1, referred to, but not quoted, in Turner's Case, 124 Ala. 59, 27 South. 272, and condemned as "misleading," without authority cited, may have been as to a state of facts entirely different to the cases in which the principle is correctly applied. In Bowen's Case, 140 Ala. 65, 37 South. 233, Sharpe, J., condemns charges similar to those here under consideration as being misleading, and only cites in support of the brief statement his former holding in Turner's Case, supra, and Bone's Case, 117 Ala. 138, 23 South. 138, in which latter case the charge was held bad because of the omission of the qualifying word "reasonable," which is not the case here. Coleman, J., in Dennis v. State, 112 Ala. 64, 68, 20 South. 925, approves the principles as are set forth in the charges under consideration, but mildly criticizes the use of the word "humane" as applied to the announcement. What possible objection there can be to having juries instructed that there are humane provisions of the law is past the comprehension of the writer. That the law is humane in its provisions is a truism, and should ever be kept before the citizen, that his respect and admiration for the system may grow into a veneration, such as will demand its enforcement for the preservation of his "life, liberty, and the pursuit of happiness," and not to be looked upon as an instrument of tyranny and oppression. Tyson, J., writing for the court in Bohlman v. State, 135 Ala. 45, 50, 33 South. 44, expresses the opinion that the conclusion in the Shepperd Case and the Dennis Case, supra, are right, and that in the Gilmore Case is wrong. But, as we have already seen, the conclusion in the Shepperd Case was not sustained by authority cited, and the Dennis Case, while approving the principle, only found objection to the use of the word "humane." Where we find a principle of the common law well established by the leading text-writers and

---

[1] 19 Ala. App. 319.

specifically approved in well-considered cases by such judges as Stone, Brickell, Head, and other judges and courts of learning and high standing, there should be no deviation from the rule until after well-considered deliberation, sustained by unquestioned authority. An opinion which dismisses the charge with "a mere wave of the hand" cannot be looked upon as having the same weight as does one which follows consistently the humane as well as the plain principles of law.

[1] Under the foregoing principles, charge 1, as requested by defendant, asserts a correct proposition of law as applied to the facts of this case which so far as they tend to connect defendant with the crime charged were entirely circumstantial. The refusal to give this charge will constitute reversible error unless the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of the defendant. McKenzie v. State (Ala. App.) 97 South. 155.[1] Let us therefore analyze charge 1. The first clause:

"A person charged with a felony should not be convicted, unless the evidence excludes, to a moral certainty, every reasonable hypothesis but of the defendant's guilt."

There was no part of the oral charge fully defining circumstantial evidence or explaining the distinction between positive and circumstantial evidence, and no part of the charge, nor any given written charge instructing the jury, indicating that the guilt of the defendant was dependent upon an hypothesis deducible from facts proven. The defendant was entitled to this. The latter part of the charge also states a correct proposition, recognized in Ott's Case, supra.

[2] Charge No. 2, while asserting a correct proposition of law, may or may not be error, according to the facts in the particular case. If the evidence points to the defendant and no one else, the charge is abstract. If the evidence points to the commission of crime by one person, and there be evidence from which the jury may reasonably infer that the one person was other than the defendant, then the refusal of the charge would be error. If the evidence points to the commission of a crime in which others might be equally involved with defendant, then such charge would be misleading and properly refused. Ex parte Bud Hill (Ala. Sup. 5 Div. 892) 100 South. 315.[2] In this case there was evidence tending to connect others with the crime equally with the defendant, and therefore the refusal to give charge 2 was not error. These distinctions are recognized in Pitman's Case, 148 Ala. 612, 618, 42 South. 993.

[3] Charge 10, is bad in that it authorizes the jury to base a reasonable doubt on a part of the evidence.

What has been said above as to charge 2 is equally applicable to charge 12.

Exceptions to testimony of the witness Ellis were not properly reserved, so as to require a consideration of the rulings of the court thereon.

For the error of the trial court hereinabove pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

[1] 19 Ala. App. 319.     [2] 211 Ala. 311.