(109 So. 757)
McBAY v. STATE. (8 Div. 352.)

(Court of Appeals of Alabama. May 18, 1926. Rehearing Denied June 29, 1926.)

1. Criminal law ⌖452(3).

Testimony of state witness that he saw defendant in a distillery *held* not objectionable as conclusion of witness.

2. Criminal law ⌖1169(9).

Error, if any, in permitting witness to state conclusion, in that he saw defendant in a distillery, *held* not to require reversal, in view of subsequent testimony.

3. Witnesses ⌖274(2).

Cross-examination of witness testifying as to defendant's good character, "You have heard that he made liquor, haven't you?" was permissible to test witness' estimate of defendant's character.

Appeal from Circuit Court, Limestone County; J. E. Horton, Judge.

---

Sam McBay was convicted of possessing a still, and he appeals. Affirmed.

Petition for certiorari dismissed by Supreme Court, 109 So. 758.

R. B. Patton and Buford T. Dougherty, both of Athens, for appellant.

Witnesses must testify only to facts, and not to opinions and conclusions. Hammond v. Woodman, 41 Me. 177, 66 Am. Dec. 219; E. T., V. & G. R. Co. v. Watson, 90 Ala. 41, 7 So. 813; Scott v. State, 48 Ala. 420; Taylor v. State, 20 Ala. App. 161, 101 So. 160; Tyre v. State, 20 Ala. App. 483, 103 So. 91. It was improper to allow the solicitor to ask defendant's witness if he had not heard that defendant made liquor. Finderson v. State, ante, p. 109, 105 So. 399; Moulton v. State, 88 Ala. 116, 6 So. 758, 6 L. R. A. 301; Lynn v. State, ante, p. 29, 104 So. 870.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge for defendant would have been incorrect in this case. Wilks v. State, ante, p. 199, 106 So. 681. The rulings on admission of evidence were without prejudicial error. Wood v. State, 20 Ala. App. 549, 103 So. 478; Tyre v. State, 20 Ala. App. 483, 103 So. 91; Duncan v. State, 20 Ala. App. 209, 101 So. 472; McPherson v. State, 124 Miss. 361, 86 So. 854.

SAMFORD, J. There was sufficient evidence to sustain the verdict of guilt. The general charge as requested by defendant was properly refused.

Refused charges 6 and 7 were not applicable in this case. The evidence here is not circumstantial. Tatum v. State, 20 Ala. App. 24, 100 So. 569.

[1, 2] The witness Hampton was permitted to testify over the objection and exception of defendant that he saw defendant in a distillery. It is now insisted that this was a conclusion, and its admission was error. The statement was of a collective fact, and not a conclusion of the witness. Moreover, subsequently this witness qualified as to his knowledge of what constituted a distillery, and described the outfit to the jury. Besides, even if error, such ruling would not be sufficient upon which to base a reversal in this case.

[3] Dock Gray testified to the general good character of defendant, and was asked on cross-examination by the state: "You have heard that he made liquor, haven't you?" This was permissible to test the estimate as to good character entertained by the witness. Finderson v. State, ante, p. 109, 105 So. 399.

The comments of the solicitor on the evidence are borne out by the record.

We find no error in the record, and the judgment is affirmed.

Affirmed.