(121 So. 6)

## JONES v. STATE. (1 Div. 795.)

Court of Appeals of Alabama. March 19, 1929.

Rittenhouse M. Smith, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. ■ In this case the complaining witness, one Joseph Jordan, was improperly allowed to testify that prior to the time he appeared before the grand jury he had some hogs "stolen from him." The defendant was on trial charged with the offense of larceny, and this statement being clearly a legal conclusion was not permissible. To constitute larceny there must· be a felonious—not merely wrongful—taking and carrying away of the property in question, and this with the intent to deprive the owner of the use thereof; these are the issues to be tried and determined by the jury upon a trial of this character, and a witness may not be allowed to establish the corpus delicti and asportation by the mere expression of opinion as was here allowed. Moreover, it fully appeared upon the further examination of this witness that the hogs in question were what were known as woods hogs, and that they used, or ranged several miles from the home of owner, developing further that his testimony in this regard was but a mere opinion or conclusion upon the part of the witness which under the elementary rules of evidence could not be binding upon this ac-

cused. The witness should have been called upon for the facts and circumstances within his knowledge, and it was for the jury to say whether or not the offense complained of, with its several essential elements, had been committed. The properly reserved exceptions in this connection must be sustained.

■ On direct examination of state witness Sam Drone, he testified that the defendant and his attorney (the attorney appearing for defendant upon this trial) came out to the place where it was alleged that the defendant and Arthur Drone brought three hogs about 7 o'clock one evening. We are of the opinion that the trial court erroneously curtailed the cross-examination of this witness, by defendant's counsel, in sustaining the state's objection to the question: "When was it that Mr. Jones and I came out to your place—how long after that?" Defendant's counsel took the precaution to make known to the court his purpose in asking the question, and undertook to show the relevancy of the testimony then sought. It appears that the inquiry was proper. Furthermore, under all rules of evidence the defendant .should have been allowed to cross-examine the witness upon matters testified to by him on direct examination. He had the legal right also to rebut said testimony. '

■ The witness Joseph Jordan testified that he went to Mr. Fred West's place in search of his hogs, and that there was nobody there except the colored boy Sam Drone, and that Sam Drone told him he had possession of, and was in charge of, the Fred West place. On cross-examination by defendant of this witness, Sam Drone, he was asked, "Did you tell Jordan, the complaining witness in this case, that you were in charge of Fred West's place. at the time he came out there?" The court sustained the state's general objection to this question and would not allow the witness to answer. This was an improper ruling. The defendant had the right and should have been allowed the privilege of a full cross-examination of this witness, and also to rebut, or contradict, the evidence given by witness Jordan.

■ The defendant strenuously insisted that if the hogs in question had been stolen. he knew nothing about it and had nothing whatever to do with the alleged larceny; that his only connection with any of the hogs was that a negro by the name of Arthur Drone hired him to haul them to the West place late one evening; and that he was paid by the negro for this service. There was evidence tending to sustain this insistence. This being true, it was error for the court to refuse special written charge 9. Ex parte Acree, 63 Ala. 234; Gilmore v. State, 99 Ala. 154, 13 So. 536; Pickens v. State, 115 Ala. 42, 22 So. 551; Newell v. State, 16 Ala. App. 77, 75 So. 625; Cannon v. State, 17 Ala. App. 82,

81 So. 860; McKenzie v. State, 19 Ala. App. 319, 97 So. 155. As stated, charge 9 as applied to the facts in this case was not abstract. There was no attempt by the court in the oral charge, or otherwise, to give to the jury, fairly and substantially, the legal substance of said charge; therefore its refusal to defendant was error.

It was proper upon the trial of this case for the defendant to show bias, prejudice, and ill will upon the part of the alleged injured party Jordan toward defendant; but the manner resorted to in this connection as shown by the record was not permissible, and the court properly so held.

Other questions are presented—many of them without merit. As the case must be reversed, we will indulge no further discussion upon these points of decision, as no good purpose could be subserved by so doing.

The judgment of conviction, from which this appeal was taken, is reversed and the cause remanded.

ı Reversed and remanded.