39 So.2d 586

## SMITH v. STATE.

### I Div. 337.

Supreme Court of Alabama.
Jan. 20, 1949.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the petition.

Johnston, McCall & Johnston, of Mobile, opposed.

SIMPSON, Justice.

The Court of Appeals declared a reversal of the judgment of conviction because the trial court refused to give the defendant's special requested written Charge No. 35, which reads:

"35. The court charges the jury that if the evidence can be reasonably reconciled with any other conclusion than the guilt of the defendant, the jury should find her not guilty."

No case considering a charge in this exact language has been cited and our research has failed to discover one. In our study, however, we have found cases where a reversal was denied by this court for the refusal to the defendant of charges in substance the same, though not in identical verbiage, the rationale of the holdings being that the charges were misleading and confusing. Such cases are: Collins v. State, 138 Ala. 57, 63, 34 So. 993, 994, where the charge was, "If all the evidence in a case tending to establish the guilt of the defendant can be reasonably reconciled with the theory of the defendant's innocence, then the jury should acquit the defendant"; Ducett v. State, 186 Ala. 34, 39,

65 So. 351, where the same charge was under review, the court reaffirming the holding in the Collins Case; and Walker v. State, 185 Ala. 30, 32, 64 So. 351, where the charge was, "I charge you that, if you can reconcile the evidence in this case with the theory that defendant is innocent, it will be your duty to acquit him."

The charge instantly considered falls within the class of condemned charges as the ones last above. Those charges fail to hypothesize for an acquittal of the defendant on reconciling the evidence with any other *reasonable* theory or hypothesis than the guilt of the defendant and, doubtless, it was for that omission (reasonable) that such charges have been denounced.

Their misleading tendency was thus described in the Walker Case, supra, by Mr. Justice Sayre:

"There was no error in refusing the special charge requested by defendant. It had a tendency to excite speculation, whereas cases should be determined upon the facts as the jury finds them from the evidence. If by 'theory' defendant had reference to his own theory of innocence, that was not a matter about which the jury needed to give itself concern. If, on the other hand, the charge was intended to state the proposition that the law presumes innocence until guilt is established beyond a reasonable doubt, as defendant's citation of authorities would seem to indicate, not only was that proposition covered by other instructions given at defendant's request, but it was an imperfect, confusing, and misleading statement of that law, and was for that reason properly refused. Fowler v. State, 100 Ala. [96], 100, 14 So. 860." 185 Ala. page 32, 64 So. page 352.

A further comment is appropriate. Charges, correctly drafted, seeking to elicit the principle, have heretofore been given the court's approval if, and only if, the evidence connecting the defendant with the crime was rested on circumstantial evidence, and it is noted that such are the cases cited in the opinion of the Court of Appeals as sustentive of the proposition that Charge 35 was erroneously refused.

This court had occasion to consider a correctly drafted charge seeking to exposit the pertinent legal principle in the recent case of Parsons v. State, Ala.Sup., 38 So.2d 209, and it was there pointed out that such "similar charges have been approved where the evidence connecting defendant with the crime is wholly circumstantial. Colvin v. State, 32 Ala.App. 142, 22 So.2d 544, reversed on other grounds, 247 Ala. 55, 22 So.2d 548; Dyson v. State, 28 Ala.App. 549, 189 So. 784; Tatum v. State, 20 Ala.App. 24, 100 So. 569; James v. State, 22 Ala.App. 183, 113 So. 648; Dutton v. State, 25 Ala.App. 472, 148 So. 876; Ott v. State, 160 Ala. 29, 49 So. 810; Ex parte Acree, 63 Ala. 234. But not when the evidence is not wholly circumstantial. McDowell v. State, 238 Ala. 101(16), 189 So. 183; Dutton v. State, supra; Pickens v. State, 115 Ala. 42, 22 So. 551; Salm v. State, 89 Ala. 56, 8 So. 66."

In the instant case conviction was not rested on circumstantial evidence, first appeal, 32 Ala.App. 209, 23 So.2d 615 and the opinion of the Court of Appeals now under review so discloses. Under this state of the evidence, then, had the charge been in the language of those heretofore given the court's approval, we would not affirm error in its refusal.

We are therefore in disagreement with the opinion of the Court of Appeals on the question, so the judgment of that court must be reversed and the cause remanded for further consideration.

Reversed and remanded.

BROWN, FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.