(93 South. 256)

VAUGHN v. STATE. (6 Div. 878.)

(Court of Appeals of Alabama. May 16, 1922.)

1. Criminal law ⊂⊃633(1)—Previous trials no bar to right to fair and impartial fourth trial.

The fact that a defendant had been tried three separate times for the offense charged in the indictment, and that the case at bar was the result of the fourth trial, could not militate against his right to a fair and impartial trial, free from hurtful error, as provided by law.

2. Criminal law ⊂⊃130—Application for change of venue held sufficient.

In a prosecution for second degree murder, application for change of venue *held* sufficient to meet requirement of Code 1907, § 7851, as amended by Acts 1909, p. 212, providing that any person charged with an indictable offense may have his trial removed to another county, if he cannot have a fair and impartial trial in the county in which the indictment was found.

3. Criminal law ⊂⊃193½—Acquittal of murder in first degree and finding of guilty in second degree relieved defendant of first degree charge at subsequent trial.

Where defendant was found guilty of murder in the second degree and acquitted on a first degree charge, and the judgment was entered at the instance of defendant, acquitting him of first degree murder, which was acquiesced in by the state, such judgment relieved defendant of the charge of murder in the first degree, and at a later trial the ordering of a special jury and complying with the other stat-

utory requirements incident to the trial of a capital offense was not within defendant's rights.

Appeal from Circuit Court, Blount County; W. J. Martin, Judge.

Al Henry Vaughn was convicted of manslaughter in the first degree, and he appeals. Reversed and remanded.

On the 7th day of December, 1920, the defendant filed in the circuit court his application for change of venue, duly sworn to, which was in words and figures as follows:

(1) On August 25, 1917, indictment was returned into this court, charging defendant with murder in the first degree. (2) On September 6, 1917, defendant was tried on said indictment and convicted of murder in the second degree, which he appealed to the Supreme Court. (3) Reversal of the cause on appeal. (4) Case tried again in September, 1918, resulting in conviction as formerly, but new trial granted. (5) On December 18, 1919, defendant again tried and convicted of murder in second degree. (6) Appealed to Court of Appeals, and judgment again reversed. (7) Cause not tried again until this day, when the petition is first presented for change of venue. (8) That defendant sets forth his reasons why he cannot get a fair and impartial trial in Blount county where the indictment was found. (9) That deceased, Stephens, was a member of a large and influential family, with wide acquaintance and extensive connections throughout the county of Blount. (10) Relatives of the deceased, both immediate and remote, have taken a serious, persistent, and active interest in the prosecution of the case, employing counsel to aid therein, and that the attorneys thus employed are men of wide acquaintance, business, social, and political standing and influence, having a large and influential practice, etc. (11) That by reason of the fact that the killing occurred in Marshall county, or within 2 or 3 feet of the line between Blount and Marshall counties, and that the defendant was first arrested and held for preliminary trial in Marshall county, and a large number of people, officers and witnesses and other persons interested in the case, attended said preliminary trial in Marshall county, much notoriety and publicity was given the cause and some excitement was created throughout the county of Blount. (12) That in September, 1917, at the first term of the court, and the one at which the indictment was preferred, the case being set for trial, and there being 67 jurors summoned for the week set for trial, there was an order made for summoning as extra or special jurors 23 jurors, making a total of 90 jurors, who were from all parts of Blount county; that there were summoned as witnesses for the state about 50 persons, and for defendant about 40 persons; that many persons from various parts of the county were in attendance on the court, and by reason of the interest taken in the case by the friends and relatives and counsel specially employed in the case, and the prominence of the family and relatives of the deceased, much notoriety was given to the

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

case, and the opinions and beliefs of the family friends and relatives were spread broadcast throughout the county; that the witnesses and persons interested for the prosecution and friends and relatives of the deceased frequently and numerously engaged in conversation with persons from all parts of the county in talking of the facts of the case, and thus largely and generally fixed public opinion against this defendant. (13) Sets out the fact of a civil trial growing out of the killing at a term of the court in 1918, the gathering of people and friends and relatives of the deceased, the interest manifested, and the further fact that there was judgment obtained against defendant and his father in the sum of $1,000 damages for the killing of deceased, and the curiosity and interest of those attending, together with a reiteration of the facts set forth in the twelfth paragraph relative to the creation of a public sentiment against the defendant. (14) Tells of the arrest and trial of defendant's father for the same offense in Blount county and before a justice of the peace. (15) Relates the trial of defendant's father for the same offense, the number of jurors summoned (100 in all), the number of witnesses summoned by both sides, the attendance and interest manifested by the prominent family and friends of deceased, all of which is alleged to have resulted in crystallizing a public sentiment against the defendant. (16) Sets forth in detail the number of trials had, civilly and criminally, involving this killing, and the number of those summoned and required to be there, making six trials, the number of jurors actually trying the various cases being 72, and the number summoned and hearing the trials, together with the people attending the trials and listening to the evidence and arguments being a considerable portion of the people of Blount county. Other grounds not necessary to be here set forth were inserted. Defendant avers that, for and on account of the matters and things herein alleged, there has gradually grown up a settled opinion among the people of Blount county generally unfavorable to defendant's innocence, and prejudiced in favor of his guilt, and that this opinion has become so settled and general that defendant cannot have a fair trial and an impartial one in Blount county. It has not been practicable for the defendant to file this application for a change of venue sooner, for that the state of public opinion against this defendant has been a process of gradual growth and development, and that no certain date in the past can be stated as to the time when this public sentiment or opinion became so settled and general as to prevent defendant obtaining a fair and impartial trial, etc.

John A. Lusk & Son and O. D. Street, all of Guntersville, for appellant.

The court erred in sustaining demurrers to the application for change of venue, and not permitting defendant to offer proof of the allegations therein. 43 Ala. 303; 45 Ala. 32; 47 Ala. 68; 84 Ala. 410, 4 South. 521; 122 Ala. 12, 26 South. 141; 146 Ala. 103, 42 South. 70. Counsel discuss other matters, but in view of the opinion it is not deemed necessary to here set them out.

Harwell G. Davis, Atty. Gen., and Russell & Johnson, of Oneonta, for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The fact that this defendant has been tried three separate and distinct times for the offense charged against him in the indictment, and that the case at bar is the result of the fourth trial, cannot militate against the right of the defendant for a fair and impartial trial, free from hurtful error, as provided by the Constitution and laws of this state.

[2] A salient right in this connection is accorded by statute. Code 1907, § 7851, as amended by Acts 1909, p. 212. This statute provides that any person charged with an indictable offense may have his trial removed to another county, if he cannot have a fair and impartial trial in the county in which the indictment is found; the statute, supra, prescribing the mode of procedure in order for the defendant to avail himself of this right. In the instant case the defendant sought a change of venue. His application was filed to this end, and as the court sustained the state's demurrers to the application, the sole question presented in this connection is the sufficiency of the application as a matter of law.

We are of the opinion that the application for change of venue as amended meets every requirement of the statute. The application was sworn to and sets forth specifically many reasons why the defendant could not have a fair and impartial trial in Blount county, and it appears to be clear that, if the proof had sustained the allegations contained in the application, it would have been error for the court below to deny same. The demurrers should have been overruled, and the defendant put to his proof. The error in sustaining the state's demurrers to the application for change of venue will, of necessity, effect a reversal of the judgment appealed from.

[3] Other questions presented on this appeal, with probably one exception, need not be considered, as in all probability they may not again appear on another trial. No new or novel proposition of law appears to be involved. The one exception referred to is proposition III, insisted upon in appellant's brief, to the effect that the defendant should have been put to trial for the offense of murder in the first degree, instead of murder in the second degree, and that the court should have ordered a special jury, and complied with the other statutory requirements incident to the trial of a capital offense. The defendant is precluded from this insistence for the reason that at a former term of the circuit court of Blount county, on, to wit, August 18, 1919, the following judgment was entered by the court at the instance of this defendant:

"State of Alabama, Blount County.

"Circuit Court.

"State of Alabama v. Al Henry Vaughn, alias Al Henry Vaughan.

"August 18, 1919. Comes the state of Alabama, by its solicitor, and the defendant, Al Henry Vaughn, alias Al Henry Vaughan, in his own proper person and attended by counsel, and it appearing to the court that, the said defendant having been heretofore convicted of murder in the second degree and acquitted of murder in first degree as charged in the indictment in this case, comes now the defendant and pleads acquittal of murder in the first degree, and the state confesses said plea. It is further ordered by the court that this case be and the same hereby is set for trial on September 1, 1919."

This plea, having been filed in said court and confessed by the state, relieved the defendant forever of the charge of murder in the first degree under this indictment, and there was no necessity of this plea of former acquittal as to murder in the first degree being again filed in the court upon the trial of this cause.

Reversed and remanded.