147 So. 450

## HENDRIX v. STATE.
### 6 Div. 343.

Court of Appeals of Alabama.
April 4, 1933.

Walter S. Smith, and Prosch & Prosch, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

In the opinion in Tatum v. State 20 Ala. App. 24, 100 So. 569, this court declared, in clear effect, upon what we yet think ample authority, the following to be the law in Alabama, to wit: "A person charged with a felony should not be convicted unless the evidence excludes to a moral certainty every reasonable hypothesis but [that] of the defendant's guilt; no matter how strong the circumstances are they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that the defendant was [is] innocent."

Not varying from the above, but phrased in a slightly different manner, it may also be declared that the law in our state is, that where a conviction is sought solely upon circumstantial evidence, the "burden is upon the state, and it is the duty of the state to show beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty." Brown v. State, 118 Ala. 111, 23 So. 81.

The appellant in this case stands convicted of a felony; his conviction rests entirely and solely upon circumstantial evidence.

Did it "come up to the full measure of proof which the law requires?" We think not. We have read, studied, and considered, same, sitting en banc, and see no helpful occasion for narrating or discussing it.

While we do not see how one could be proved without the other, yet we might suggest that here the evidence fails, altogether, to show the "exclusion of every other reasonable hypothesis than that of the guilt of the defendant (appellant)"; and to sustain the conviction on proper attack as here made, the review by us of the action of the trial court in overruling appellant's motion to set aside the verdict of the jury, etc., it is just as essential that the evidence sustain, etc., this part of the finding by the jury, as it is that it sustain, etc., the first necessary requirement of the two indicated in the second of the quotations by which we began this opinion.

This being true, we are led to declare that the verdict of the jury was contrary to the law; or that, "after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust." See Bufford v. State, ante, p. 99, 141 So. 359.

In the light of our views hereinabove, we have deemed it unnecessary to consider any other question apparent.

For the error in overruling appellant's motion to set aside the verdict of the jury, etc., the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.