167 So. 612

## ALLUMS v. STATE.

### 4 Div. 220.

#### Court of Appeals of Alabama.
#### April 14, 1936.

Cope & Cope, of Union Springs, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon the trial of this case in the court below, this appellant was convicted of the offense of grand larceny, and was sentenced by the court to serve an indeterminate term of imprisonment in the penitentiary.

There were numerous objections and exceptions on the admission of testimony; but it appears that the principal insistence of error is based upon the action of the court in refusing to defendant the general affirmative charge, and in overruling his motion for a new trial. These insistences are predicated upon the insufficiency of the evidence to support the judgment of

conviction from which this appeal was taken.

Each member of this court has read the entire evidence contained in this record, and is of the opinion that upon said evidence the defendant was entitled to be discharged, as such evidence, when carefully considered, was barely sufficient to afford even a scintilla as to the guilt of the defendant; and this is not sufficient. The scintilla rule has no application in a criminal case. It may be applied only in a civil proceeding. McKee v. State, 26 Ala.App. 589, 164 So. 305; Grimmett v. State, 26 Ala.App. 56, 152 So. 262; Ex parte Grimmett, 228 Ala. 1, 152 So. 263. In McKee's Case, supra, this court said:

"The scintilla rule has no application in a criminal prosecution, where the accused enters upon his trial clothed with the presumption of innocence. Such presumption is evidentiary in its nature and by which the accused is accompanied throughout the trial, or until such period thereof, where his guilt is established by the evidence beyond a reasonable doubt and to a moral certainty; which means, in effect, there must be substantial legal evidence to prove all the elements of the offense charged. Ex parte Grimmett, 228 Ala. 1, 152 So. 263. Randolph v. State, 100 Ala. 139, 14 So. 792. In the Grimmett Case, referring to the Randolph Case, the Supreme Court said:

" 'Dealing with the sufficiency of the evidence to require a submission of the issues to the jury, raised by defendant's motion to exclude the evidence of the state and discharge the defendant, it was observed: "This question was raised in behalf of both defendants by a joint motion on their part, made upon the close of the testimony for the prosecution, 'to exclude all the evidence offered by the state, and to discharge the defendants.' This motion should have been granted. The court's denial of it was to rule, in effect, that there was evidence which, if believed by the jury, would authorize a conviction." '

"And in the Grimmett Case, the court said:

" 'These utterances are clearly inconsistent with the thought that a mere "gleam," "glimmer," "spark," "the least particle," the "smallest trace"—"a scintilla"—is sufficient, in the face of the presumption of innocence, to require the court to submit the issues in a criminal case to the jury, and the scintilla rule, in this sense, does not apply to criminal prosecutions.* * *

" 'The Court of Appeals did not find as a fact that there was more than a mere scintilla of evidence to support the charge.' "

In this case the alleged injured party, one F. E. Wilson, testified that he lived in Union Springs and conducted two places of business, to wit, the Home Baking Company, and a Service Station. That on a Saturday night in February, 1934, he placed in an unlocked drawer in his safe in the Home Baking Company about $100 in cash at about 9 o'clock on said night, and did not turn the combination on the safe doors, hence the safe doors were also unlocked. Afterwards he locked the doors to his place of business and went home. That upon his return to the store on Monday morning, the money thus left in the safe was missing. The evidence also tended to disclose that the person who took the money gained entrance from the street through his cellar doors, also unlocked, and entered the store through a hole in the floor near the back of the building; the hole in the floor was practically 12 inches wide and about 2 feet long, or longer. Wilson testified: "There is a cellar to the building where the bakery is; there is an entrance to the cellar on this side of the street, up close to the front. It is a drop door over the side walk. I observed that this door was closed on Monday morning; there was no lock on the door. In the cellar I saw a track in the bakery there was a plank out in the back end of the floor about that long and that wide. There was not any plank there—it had been moved; it was not there on Saturday night, but I couldn't tell how long it had been away. I saw some tracks in the cellar. It was possible that entrance could have been made to the building from the sidewalk through that door and the place where the plank had been removed."

From the foregoing it will be noted that Wilson, the alleged injured party, whether carelessly or not, left the money in question in his place of business unprotected by lock and key, hence easily accessible to any outsider who cared to take possession thereof.

The statement of facts contained in appellant's brief is borne out by the record, and is as follows: "The undisputed evidence showed that in the month of Feb-

ruary, 1934, F. E. Wilson was operating the Home Baking Co. in Union Springs, Alabama. That on a Saturday night, about nine o'clock, he placed money in the drawer of the safe in the Home Baking Co., which totalled something over $100, that when he returned on Monday morning the money had been stolen. The evidence further tended to show that entry was made into the Baking Co. through a door on the sidewalk, which leads into the cellar and then through a hole in the floor into the Home Baking Co. The appellant, John Long Allums, hereinafter referred to as the defendant, was employed at this time by the Home Baking Co., he was paid off that Saturday afternoon about two or three o'clock, asked for and obtained permission to go to Birmingham over the week-end and did not return until the following Thursday. The evidence further showed that one L. P. Taylor, a witness for the State, saw the defendant that same night about ten o'clock and that he had a roll of bills, which appeared to be about $35 or $40, if the same were $1 bills; that L. P. Taylor carried the defendant to Birmingham the following morning, leaving about four o'clock in the morning, and that the trip was made to Birmingham for the purpose of carrying the defendant's brother's daughter, a small girl, home; that when the witness, L. P. Taylor, returned he reminded the defendant of an indebtedness to Tom Pope and that the defendant gave him $2 or $3 to bring back, the money being in a paper sack. The defendant returned the following Thursday in an automobile, which he says he got from his brother in Birmingham and for which he promised to pay him $25. That the defendant had owned an automobile prior to that time and had sold the same on that Saturday afternoon before leaving for Birmingham."

Wilson testified that the money was in a fresh paper bag, and that said bag did not have any distinguishing marks on it when he put it in the safe. As a circumstance to fasten guilt upon the accused, the witness, L. P. Taylor, as stated, testified he saw the appellant on the Saturday night in question about 10 o'clock, and saw him run his hand in his pocket and pull out a roll of bills, as stated. There was no contention that the money he saw defendant with was in a paper sack.

Wilson further testified: "At the time I lost this money I couldn't tell just how long, John Long Allums, the defendant, had been working for me—that is for The Home Baking Company, but for a number of years, I think. I had never had any trouble with him of any kind prior to that time. He asked permission, that Saturday afternoon, to go to Birmingham. I didn't see him again after I paid him off in the afternoon, in my best judgment it was between two and four o'clock. I don't think he worked any more that day. The money was there at about nine o'clock that night; I put it there just before closing. I could not swear that no one came into the store between the time I put the money there and the time I closed up for the night. I do not remember that any one was in proximity to the safe during that time. The money was in the safe when I closed the door before leaving the store and I didn't open the door again until Monday."

The state, of necessity, relied upon circumstantial evidence solely to sustain the charge in the indictment. Where this is true, the following oft-announced rules must prevail. In Roy v. State, 25 Ala. App. 510, 149 So. 713, this court said: "The evidence in this case is entirely circumstantial, and the law expressly provides, when the evidence is circumstantial, it must be so complete, so strong, so cogent, as to show guilt to a moral certainty. It must exclude every other reasonable hypothesis than that of the guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that the defendant did not commit the crime for which he is on trial, he should be acquitted."

In Hendrix v. State, 25 Ala.App. 402, 147 So. 450, it is said:

"In the opinion in Tatum v. State, 20 Ala.App. 24, 100 So. 569, this court declared, in clear effect, upon what we yet think ample authority, the following to be the law in Alabama, to wit: 'A person charged with a felony should not be convicted unless the evidence excludes, to a moral certainty every reasonable hypothesis but (that) of the defendant's guilt; no matter how strong the circumstances are they do not come up to the full measure of proof which the law requires if they can be reasonably reconciled with the theory that the defendant was (is) innocent.'

"Not varying from the above, but phrased in a slightly different manner, it may

also be declared that the law in our state is, that where a conviction is sought solely upon circumstantial evidence, the 'burden is upon the state, and it is the duty of the state to show beyond all reasonable doubt, and to the exclusion of every other reasonable hypothesis, every circumstance necessary to show that the defendant is guilty.' " Brown v. State, 118 Ala. 111, 23 So. 81.

In Copeland v. State, 23 Ala.App. 91, 121 So. 445: "We think the evidence hardly sufficient to even raise a suspicion of defendant's guilt, and the general rule must here prevail, which is, if the evidence raises a mere suspicion, or, admitting all it tends to prove, defendant's guilt is left in uncertainty, or dependent upon conjecture or probabilities, the court should instruct the jury to acquit. The evidence should be of such character as to overcome, prima facie, the presumption of innocence."

In Dutton v. State, 25 Ala.App. 472, 148 So. 876, 879, the reason for the rule is clearly stated: "Our law recognizes, and rightfully so, that convictions may rest alone upon circumstantial evidence. But our experience has taught us to know that such convictions should be carefully scrutinized by the judiciary, lest the lay mind which make up our juries may be led into deductions and inferences from proven facts, which may be grounds for suspicion, but which do not rise to that force which impels the mind to a conclusion of guilt beyond a reasonable doubt. In our fallible administration of the criminal law, it is to be regretted that some time and all too frequently the guilty escape punishment, but the conviction of an innocent man is awful to contemplate, and therefore we must preserve every safeguard to persons charged with crime, among which is the oft repeated and emphasized maxim that no conviction must be had except upon evidence which convinces the jury beyond a reasonable doubt. No chain of circumstances which falls below this standard in any of its links will suffice to deprive a defendant of his life or liberty. The foregoing statement of the law on this subject is borne out by the opinions in the following cases: Ex parte Acree, 63 Ala. 234; Pickens v. State, 115 Ala. 42, 22 So. 551; Cannon v. State, 17 Ala.App. 82, 81 So. 860."

We are in accord with the concluding insistence of appellant's counsel where it is said: "We submit that under the facts proved in the case at bar, the circumstances can be reasonably reconciled with the theory that the defendant is innocent and that, therefore, the State has failed to show beyond all reasonable doubt and to the exclusion of every other reasonable hypothesis every circumstance necessary to show the defendant is guilty. The conviction was necessarily based upon conjecture and suspicion insufficient to support a conclusion of guilt beyond a reasonable doubt."

Reversed and remanded.