185 So. 910

## STEPHENSON v. STATE.

### 3 Div. 806.

Court of Appeals of Alabama.

Jan. 17, 1939.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This is the second appeal in this case, on former appeal the judgment of the Circuit Court was reversed and the cause remanded. On the second trial, the facts are substantially the same as appeared in the bill of exceptions on the first appeal. Stephenson v. State, 27 Ala.App. 122, 166 So. 620.

When this cause was called for trial in the Circuit Court the defendant made application for a continuance on account of the absence of a defendant's wit-

Hamilton & Jones, of Evergreen, for appellant.

ness, for whom a subpoena had been issued and not executed. The absent witness was Stencill Stephenson, a brother of the defendant, who had testified on the former trial. This was a matter within the discretion of the trial court, and from a reading of this record we do not find such abuse of that discretion which would authorize us to review his action in refusing to grant the defendant's motion for a continuance.

■ The court permitted the State, over the objection and exception of defendant, to introduce evidence tending to show that there was a large stick found near the body of the deceased at the place where he fell, which large stick had blood on it. The stick was never introduced in evidence, but was an object within the locus in quo, and as such, might be described by a witness without error. From the record, as here presented, we cannot see that the large stick played any part in the difficulty. And, if testimony relative to the said stick was immaterial, it certainly did not, in any way, affect injuriously the rights of defendant.

The same reasoning is applicable to the testimony admitted over the objection of defendant that the Stephensons owned a 16-gauge gun, which appears not to have been at the scene of the homicide and, in no way, connected with the trial.

Neither the large stick referred to, nor the 16-gauge gun, owned by one of the Stephenson family, was ever introduced in evidence. And, the testimony regarding them, while immaterial, could not have affected the case one way or the other.

We are cited by appellant's counsel, in connection with the evidence regarding the large stick and the 16-gauge gun, to two cases from the Supreme Court of Alabama and especially to the case of Crenshaw v. State, 207 Ala. 438, 93 So. 465. It will be observed upon a reading of both of the cases cited, that the objects objected to were actually introduced in evidence; while in the instant case, the testimony regarding the articles disclosed their immateriality, and no effort was made on the part of the State to introduce them.

■ Over the objection and exception of the defendant, the State was allowed to introduce in evidence the "bloody clothes" of the deceased worn by him at the time of the homicide.

To sustain the contention of appellant in his insistence of error, we are cited to the case of Boyette v. State, 215 Ala. 472,

110 So. 812. The distinction between cases similar to the Boyette Case, supra, and cases similar to the one at bar, is well drawn in Moye v. State, 22 Ala.App. 456, 117 So. 153; Moye v. State, 217 Ala. 561, 117 So. 154; Hyche v. State, 22 Ala.App. 176, 113 So. 644, and numerous other cases noted in Shepard's Alabama Citations, pages 180–472.

It follows, therefore, that the admission of the "bloody clothes" worn by the deceased at the time he was killed, showing the perforation and location of the wounds, were properly admitted in evidence.

■■ When H. L. Wallace, a witness, was being cross-examined by the defendant's counsel, it appears that he was a brother of the deceased, and was the first man to reach the body. He had been called by the wife of the deceased and the little boy, Gordon, who was also a State's witness, and together they went down to the scene of the difficulty, and had there found the body of the deceased; he had taken the body back to the home of the deceased, and during this time had been in association with the little boy, Gordon. The defendant contended that the witness, H. L. Wallace, had met one Mr. Page in the evening after the homicide; and, in discussing the matter with Mr. Page, told him that the senior Mr. Stephenson killed his brother. The defendant attempted to lay a predicate for this conversation, which the Court would not permit. The Court was not in error in this ruling. The whole of the testimony sought would have been hearsay and was not a part of the res gestae, and was altogether immaterial.

■ Over the objection and exception of defendant, the witness, Sasser, who examined a fence post where some of the shots fired from defendant's gun had struck, was allowed to testify that they (the shot) hit glancing each way. This was not a conclusion, but the statement of a fact which could not be otherwise described.

Other objections and exceptions to testimony, noted in the record, are without merit.

■ Written charge 2, requested by the defendant, was properly refused, in that it predicated an acquittal upon proof of good character alone.

■ It is earnestly insisted by the appellant that he was entitled to the affirmative charge by reason of uncertainty

and contradictions apparent in the testimony of Gordon Wallace, who at the time of the homicide was about seven years of age and at the time of the trial was about nine years of age. We are familiar with that line of cases, notably: Ex Parte Grimmett, 228 Ala. 1, 152 So. 263; Allums v. State, 27 Ala.App. 162, 167 So. 612, and Inge v. State, Ala.App., 178 So. 453,[1] wherein we have declared somewhat liberal rules in dealing with the general affirmative charge in criminal cases, but where the evidence is in conflict, the province of the Jury is to weigh the evidence and pass upon its truth or falsity. Where there is conflict in the testimony, with positive statements regarding the offense charged, we would be invading the province of the jury in overturning a verdict dependent upon the weight and consideration to be given to the evidence. Such is the case here. The testimony of the child, Gordon Wallace, does disclose some discrepancies, but the main facts remain, and it was for the jury to harmonize all of these facts rendering a true verdict under their oaths. The trial Judge did not commit error in refusing to give, at the request of the defendant, the two charges asking affirmative relief.

■ It is urged and insisted by the appellant that two men are being tried for the same crime, when only one can be convicted. To sustain this claim, we are cited to our former opinion in this case, where we held that there was no evidence of a conspiracy between the two defendants jointly indicted, that is, the father and son. We still hold to the view that there was no conspiracy shown by the evidence, but that fact would not preclude a conviction of both defendants, if one of them actually did the shooting and the other was present, aiding and abetting. Under the evidence in this case, the jury might well conclude that the father actually did the shooting and the son (the defendant in this case) was present, aiding and abetting in the action of the father, in which event he would be guilty.

Two juries have passed upon this evidence. The trial judge has twice heard this case and has twice refused to set aside the verdict. We are of a like mind, and hold that the motion for a new trial was overruled without error.

Affirmed.

