335 So.2d 242 (1976)
Sidney MAY
v.
STATE.
1 Div. 654.
Court of Criminal Appeals of Alabama.
June 29, 1976.
Walter L. Allen, Montgomery, for appellant.
*243 William J. Baxley, Atty. Gen., and Joseph G. L. Marston III, Asst. Atty. Gen., for the State, appellee.
HARRIS, Judge.
Appellant was convicted of grand larceny and sentenced to eight years in the penitentiary. Prior to arraignment he was found to be indigent and counsel was appointed to represent him and he pleaded not guilty. After conviction he gave notice of appeal but did not request that his sentence be suspended pending appeal. At the time sentence was imposed, it was made known to the Court that appellant had been in jail four months and 14 days and the Court specifically allowed him credit for this jail time against the eight-year sentence. Appellant was furnished a free transcript, and counsel was appointed to represent him on appeal, but counsel failed to file a brief. This Court appointed counsel to represent appellant on this appeal.
The evidence is in hopeless conflict and only a jury could unscramble the conflicting testimony and arrive at a verdict.
The evidence for the State tended to show that on June 14, 1975, L. B. Lockhart was the owner of a .38 caliber Smith and Wesson pistol of the value of $79.00. He lived alone at 1772 Mobile Terrace, Mobile County, Mobile, Alabama. The pistol was lying on his bed in his home in full view of an open window. A young girl, Barbara Ann Orange, was at Lockhart's home on the late afternoon of June 14, 1975, and saw appellant at the open window with his hand inside the window. She saw appellant with something in his hand as he ran from the open window. Both Lockhart and Barbara Ann knew appellant as he had been to Lockhart's home on previous occasions. Barbara Ann ran to Lockhart and told him what she had observed appellant doing and both saw appellant when he fled down the street. Lockhart had seen his pistol on the bed about an hour before appellant was seen at the open window. He reported the theft of his pistol to the Mobile Police Department and gave them the appellant's name.
The next day Patrolman John Bone of the Mobile Police Department was dispatched to the Amvets Club on Davis Avenue to inquire into a report of a man with a gun. Upon arriving at the club, the officer observed a man, who was later identified as appellant, walking quickly into the club. The officer followed appellant into the club and saw him drop two pistols to the floor of the club. The officer seized the guns and arrested appellant and carried him to police headquarters.
Lockhart went to police headquarters and identified one of these pistols as his.
Appellant testified that although he was in the neighborhood at the time as related by Lockhart and Barbara Ann, he did not steal the pistol. An attempt was made to explain appellant's possession of the pistol on the day after the crime was committed by claiming that the officer framed him by planting Lockhart's pistol on him.
Appellant had a long list of felony convictions. It was shown on direct examination by appellant's own counsel that since the year 1969 appellant had been convicted of grand larceny three times and twice for burglary in the second degree. It was also shown that he had been convicted of carrying a pistol after a crime of violence and assault with a gun.
When the State rested, appellant moved to exclude the State's evidence and discharge appellant. This motion was overruled and denied.
Conflicting testimony is for the jury and a verdict rendered thereon is conclusive on appeal. Stephenson v. State, 28 Ala.App. 418, 185 So. 910; Eady v. State, 48 Ala.App. 726,267 So.2d 516.
It is not within the province of the Court of Criminal Appeals to pass judgment on the truthfulness or falsity of conflicting *244 evidence. Snipes v. State, 50 Ala. App. 139,277 So.2d 413.
A clear cut issue was presented to the jury as to the guilt vel non of appellant and the jury resolved that issue against appellant. Where the evidence raises a question of fact for the jury, and such evidence if believed, is sufficient to sustain the conviction, the denial of a motion to exclude the State's evidence, the refusal to give the affirmative charge and the overruling of a motion for a new trial, does not constitute error. Young v. State, 283 Ala. 676, 220 So.2d 843.
We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none.
The judgment of conviction is affirmed.
AFFIRMED.
All the Judges concur, except CATES, P. J., not sitting.