DeCARLO, Judge.
The appellant was indicted by the grand jury of Baldwin County for the offense of murder in the . first degree. He was charged with the premeditated killing of Charles Phillips by shooting him with a pistol.
On July 18, 1978, the Honorable E. E. Ball was appointed to represent the appellant. On behalf of the appellant, Mr. Ball requested a mental examination of the appellant and the motion was granted. On November 6, 1978, Mr. Ball was allowed to withdraw as appellant’s counsel and the Honorable Tom Underwood was appointed by the court to replace Mr. Ball as the appellant’s counsel.
On November 15, 1979, the appellant pleaded guilty to the reduced charge of murder in the second degree and was sentenced to ninety-nine years and one day in the State penitentiary.
On November 25,1980, the appellant filed a pro se motion for a new trial and, after a hearing on January 7, 1981, the trial court denied the motion.
I
The appellant contends that he was denied the effective assistance of counsel when he entered his guilty plea. First, he maintains that the district attorney did not abide by plea negotiations agreed upon by the parties. He insists that he was promised a twenty-year sentence on a reduced charge of murder in the second degree in exchange for his plea of guilty. Further, he asserts that he was notified on the day prior to his scheduled trial that his court-appointed counsel had withdrawn, and he was then faced with the situation of either pleading to the charge or losing the services of his attorney. The appellant avers that he should have been allowed to withdraw his plea and have a trial by jury. This, the appellant complains, was a denial of his constitutional right to effective assistance of counsel.
The appellant’s plea of guilty was accepted on November 15, 1979, after extensive questioning of the appellant by the court.
In the exchange between the court and the appellant the judge discussed the constitutional rights the appellant would forfeit by a plea of guilty and informed him of the possible sentence which could be imposed. The appellant stated that he understood the rights he was giving up by pleading guilty. The court inquired of the appellant whether he had explained to his appointed counsel the facts of the offense and his, the appellant’s, involvement. The court also asked whether the appellant understood that he was charged by way of indictment with murder in the first degree. To both of these inquiries, appellant’s response was in the affirmative.
Prior to the prosecutor’s recommendation that the court sentence appellant to ninety-nine years and one day, the court inquired whether anyone had promised the appellant, his family, or anybody else a reward in exchange for the guilty plea, to which the appellant answered, “no sir.” Also, the court inquired of the appellant whether he had been promised a lighter sentence, a particular sentence, probation, or any favor to get him to plead guilty, and the appellant responded that he had not been given any such assurances.
The court then inquired of the appellant how he pleaded to the charge of murder in the second degree and he replied that he was guilty. After adjudging the appellant guilty, the court asked the appellant if he had anything to say as to why sentence should not be passed upon him and the appellant replied, “no sir.” Under the foregoing facts, it is clear that the trial judge made adequate inquiries under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and that appellant’s challenge to his guilty plea is not well taken.
During the hearing on the motion for a new trial, the district attorney testified that he had not made any agreement with the appellant or his attorney regarding a twenty-year sentence on a reduced charge of murder in the second degree.
*437 The conflict in the testimony concerning the promise of a recommended twenty-year sentence presented a question of fact to be resolved by the trial court at the conclusion of the hearing on the motion for new trial. It is not the province of this court to pass on the truthfulness or falsity of the conflicting evidence. May v. State, Ala.Cr.App., 335 So.2d 242 (1976); Snipes v. State, 50 Ala.App. 139, 277 So.2d 413 (1973). It is evident from the record that the appellant voluntarily, intelligently and understandingly entered his plea of guilty. Boykin v. Alabama, supra.
The burden of establishing a claim of ineffective assistance of counsel rests with the appellant. Harris v. State, Ala.Cr.App., 367 So.2d 524 (1978), cert. denied, Ala., 367 So.2d 534 (1979). See also Harried v. United States, 389 F.2d 281 (D.C.Cir.1967). Relief on this ground will be granted only when the trial was a farce or mockery, shocking to the conscience of the reviewing court, the representation was perfunctory, or there was inadequate opportunity for conference and preparation. Williams v. Beto, 354 F.2d 698 (5th Cir. 1965).
The only evidence presented by the appellant in support of his contention was a letter written to him by his appointed counsel one day prior to the scheduled trial. That letter, bearing the date May 8, 1979, omitting the formal parts, reads as follows:
“I have talked with Jim Hendrix in an effort to try to settle your case for first degree murder. Jim has not made up his mind as to what, if any, recommendation he can make to the trial Judge in the event you should plead guilty. I am sure you realize that the District Attorney is in a precarious situation since Sharon Phillips was acquitted. If she had been found guilty, he would be justified in recommending a much shorter sentence for you.
“In light of your testimony in the two trials against Sharon, I see no meritorious defense, and if you stand trial, there is no doubt but that you will be found guilty of first degree murder, and receive a life sentence. In other words, any sentence you receive that is less than life imprisonment will be a good deal. Your involvement in the case was too great to expect much clemency especially in view of Sharon being acquitted.
“Jim Hendrix is giving careful consideration to your case and is trying to make a decision as to what recommendation, if any, he could make to Judge Wilters concerning your sentence. He has agreed to call me if*he reaches any decision this week; otherwise, I plan to meet with him Monday morning, May 14, and try to come to some decision without trial. If an arrangement cannot be reached which meets with your satisfaction, and it becomes necessary to try the case, I believe we could continue the case for one more term of Court, and I will file a motion to withdraw as your attorney in order that you might get an experienced criminal trial lawyer to handle the trial. I do not specialize in criminal work and, therefore, feel that if you have to stand trial, an attorney with a lot of experience in criminal work should be appointed to represent you.
“Jim has already advised me that there is no way he can recommend a ten-year sentence as you mentioned in your last letter to me. After talking with Jim Monday morning, I will come over to the jail and discuss with you the results of my meeting with him.
“Yours very truly,
“/s/ Thomas
“Thomas W. Underwood, Jr.”
The appellant asserts that the proceeding below was a “mockery of justice” since he was advised only one day prior to the scheduled trial that his attorney was not sufficiently experienced to try his case. Appellant argues that he was faced with the dilemma of choosing to plead guilty or losing the representation of his appointed counsel.
(1) In his letter, appointed counsel merely states that if the arrangement concerning plea negotiations was not satisfactory to the appellant then counsel would seek a *438 continuance and withdraw from the case, thereby allowing the appellant to have a more experienced criminal trial lawyer handle the trial. (2) In our judgment, the offer to withdraw under these circumstances displayed, in words of Mr. Bell, a witness for the appellant, “a lot of candor and integrity on the attorney’s part.” (3) In addition, we believe that the last sentence in the second paragraph of the letter which states, “Your [appellant’s] involvement in the case was too great to expect much clemency” demonstrated definite concern for the appellant’s situation and indicated insight into the case by court-appointed counsel in the desire to make sure the appellant had the best representation available. (4) Counsel’s letter did not, in our judgment, indicate that he was ineffective.
Although he may not have had the experience in criminal work that some other attorneys in that county possessed, he had, according to the testimony of Mr. Bell, been practicing law for about eight years and had been, as other lawyers in that county, appointed criminal cases on a rotation basis. The judge observed that appointed counsel had adequately and effectively represented many criminal clients in that county previously.
Under these circumstances, we do not believe that the appellant has carried the heavy burden of showing that appointed counsel was incompetent and ineffective.
The appellant also complains that his counsel’s incompetence and ineffectiveness was demonstrated when he failed to advise the appellant of his rights to withdraw his plea of guilty in a broken agreement situation.
The Supreme Court of the United States in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) recognized that the failure of the prosecution to keep its plea bargain requires either specific performance of the agreement or the opportunity for the accused to withdraw his plea. Further, the court observed, “The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known.” Id. at 261-62, 92 S.Ct. at 498. [Emphasis added].
In the present case, at the time the plea of guilty was received, the appellant made no mention that an agreement by the prosecutor had been broken. As a matter of fact, when the court made inquiry of the appellant if he had “anything to say as to why the sentence of law. should not be passed,” he responded, “no, sir.” Without such an indication that appellant was dissatisfied with the prosecutor’s recommendation, the court cannot be held accountable for not acting.
The first indication of appellant’s dissatisfaction with the plea negotiations occurred when he filed his pro se motion for a new trial on November 25, 1980, more than a year after the plea of guilty had been received and long past the time allowed for such a motion.
At any rate, viewing the appellant’s motion for a new trial in the best light, we consider it as a petition for error coram nobis, despite the absence of an assertion of innocence and claim of a valid defense, both of which are generally fatal to a petition for the writ, see Chatom v. State, Ala.Cr.App., 366 So.2d 1143 (1979), and we conclude that the appellant did not carry the heavy burden of showing that his appointed counsel was ineffective.
Therefore, the judgment and conviction by the Baldwin Circuit Court is affirmed.
AFFIRMED.
All the Judges concur.